IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

------------------------------------------------------- :
:  CASE NO.  1:13 CV 00805
BREAKING GLASS PICTURES, :
:
Plaintiff, : MEMORANDUM AND ORDER
:
-vs- :
:
:
DOES 1-99, :
:
Defendants.
-------------------------------------------------------

UNITED STATES DISTRICT JUDGE LESLEY WELLS

This matter was referred to United States Magistrate Judge William H. Baughman, Jr., for pretrial supervision and disposition of a motion to quash. On 16 August 2013, Magistrate Judge Baughman issued a report and recommendation advising that this matter be consolidated with the eight, virtually identical lawsuits filed in this district and that the cases be transferred to the docket of a single district judge. Although the plaintiff has not objected to the recommendation, the Court declines to accept it. Instead, for the reasons that follow, the plaintiff's claims are severed and the plaintiff is ordered to notify the court on or before 14 October 2013 as to which defendant shall remain in the case. Non-party Buckeye CableSystem's motion to quash is granted.

**I. Discussion**

In April 2013, the plaintiff Breaking Glass Pictures filed this case and eight others

in the Northern District of Ohio, alleging copyright infringement of a motion picture entitled "6 Degrees of Hell" ("Motion Picture"). Plaintiff's counsel is the same in each case, and the complaints are identically pled. The nine cases were assigned to five different district court judges, and the progress in each case has varied. Seven of the cases remain open at various stages of litigation, and two were dismissed without prejudice.

In each case, the plaintiff alleges that the defendants infringed on the plaintiff's intellectual property rights by illegally transferring copies of the Motion Picture through the use of an interactive "peer-to-peer" ("P2P") file sharing protocol called BitTorrent. The BitTorrent protocol allows internet sharing of computer files through what is known as a "swarm," whereby individual participants share bits and pieces of a particular file until the entire file is downloaded. This process occurs with a certain degree of anonymity, as members of the swarm are identified only by an internet protocol ("IP") address. Consequently, none of the complaints identify any particular defendant, and no defendant has been served to date. The complaints differ only with respect to the IP addresses associated with the BitTorrent users who allegedly shared copies of the Motion Picture.

In the present case, on 11 June 2013, the plaintiff filed a motion for leave to take discovery prior to the Rule 26 conference, in an effort to identify the Doe defendants. (Doc 4). The motion was granted, and the plaintiff thereafter served a subpoena on non-party Buckeye CableSystem, seeking the names, addresses, email addresses and media control, and other information of Buckeye's customers who had allegedly infringed the plaintiff's copyright. On 30 July 2013, Buckeye filed a motion to quash the

2

subpoena. Once briefing was complete, the case was referred to United States Magistrate Judge William H. Baughman, Jr., for pretrial supervision and disposition of the motion to quash.

On 16 August 2013, Magistrate Judge Baughman issued a report and recommendation advising that the nine <u>Breaking Glass</u> cases should be consolidated as related cases and transferred to the docket of a single district court judge. The plaintiff offered no objection to this recommendation. The Court agrees with the Magistrate Judge that placing all the cases before a single judge would have best served the interests of judicial economy and uniformity of decision. However, because the plaintiff failed to notify the Court at the outset that it had filed a number of related cases, the <u>Breaking Glass</u> cases have progressed variously among the five district judges to whom they were assigned. Two cases were dismissed, a case management conference was held in another, and the rest are at various other stages of litigation. Given this state of affairs, transferring the cases to a single judge is not the feasible option it once was.

In the Court's view, the appropriate course of action is to follow the lead of Judge James S. Gwin, who concluded on identical facts that the defendants were improperly joined, pursuant to Federal Rule of Civil Procedure 20. <u>See Breaking Glass Pictures v. Does 1-84</u>, Case. No. 1:13-cv-806 (N.D. Ohio 25 June 2013). Rule 20 allows joinder of defendants in one action if "any right to relief is asserted against them . . . arising out of the same transaction, occurrence, or series of transactions or occurrences." Fed. R. Civ. P. 20(a)(2). Against this standard, Judge Gwin reasoned as follows:

> Plaintiff's complaint says that "every John Doe infringer, in concert with its John Doe swarm members, is allowing others to steal" and that "each John Doe acts in an interactive manner with other John Does." Despite Plaintiff's statements, it is

3

> not at all clear that Defendants were part of the same transaction or occurrence. "Merely alleging that the Doe defendants all used the same file-sharing protocol, BitTorrent, to conduct copyright infringement of plaintiff's film without any indication that they acted in concert fails to satisfy the arising out the . . . same series of transactions or occurrences requirement." Furthermore, a defendant's participation in a swarm does not mean that the defendant is always present and active in the swarm. Plaintiff's IP address exhibits indicate that Defendants accessed the swarm at different times, on different days, using different BitTorrent clients. This suggests that Defendants were not wrapped up in a single factual occurrence.
>
> Beyond the joinder analysis, this Court is unconvinced that Plaintiff has even pleaded a prima facie case of copyright infringement. Here, Plaintiff provided only an IP address snapshot, and seeks to use that information to justify their suit. Given the nature of BitTorrent protocols, an individual could access the swarm, download a small piece of the copyrighted material that could be useless, and then leave the swarm without ever completing the download. To this end, the mere indication of participation weakly supports Plaintiff's conclusions.

Breaking Glass Pictures v. Does 1-84, Case No. 1:13-cv00806, Doc. #5 at 6 (N.D. Ohio 25 June 2013) (Gwin, J.) (citations omitted). The Court agrees with the above analysis, and accordingly adopts it.

## II. Conclusion

For the reasons stated above, the Magistrate Judge's recommendation is not accepted. The plaintiff's claims are severed. The plaintiff is ordered to notify the Court on or before 14 October 2013 as to which defendant will remain in the case. Non-party Buckeye CableSystem's motion to quash is granted. (Resolving Doc. 5).

IT IS SO ORDERED.

                                                      /s/ Lesley Wells
                                                     UNITED STATES DISTRICT JUDGE

Date: 4 October 2013